# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11607

United States Court of Appeals
Fif h Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JACK GOSSETT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-131-2

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Defendant appeals his conviction for conspiring to commit drug trafficking. The evidence supports Defendant's involvement with a group of traders and sellers of methamphetamine, particularly helping drug traffickers getting paid.

The only complaint of this appeal is the admission of evidence by a veteran law-enforcement officer experienced in investigating drug-trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11607

crime.  Officer Crum had been in law enforcement for twenty years and, for eight of those years as a task force officer to enforce drug crimes.  He testified that he had been in "well over a thousand interviews or debriefings" with drug dealers, reviewed "countless" text messages of drug dealers, and assisted in undercover operations, and communicated with cooperators.

When defense counsel first objected to Crum's testimony as not justified as that of an expert witness, the judge instructed the jury of the law allowing a witness to give an opinion when based on training and experience, and then Officer Crum was permitted to develop his background and experience with this conspiracy and many others.  The judge also instructed the jury on the difference between expert opinion and lay testimony.

Defense counsel made no other objections to this testimony but was allowed to cross examine Officer Crum about the basis for particular explanation of the language of communication between the Defendant and other members of the conspiracy.

The admissibility of the testimony of Officer Crum is support by legal precedent.  *See United States v. Haines*, 803 F.3d 713 (5th Cir. 2015) and *United States v. Akins*, 746 F.3d 590 (5th Cir. 2014).

AFFIRMED.